UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| Jenny Reynolds<br><br>Plaintiff,<br><br>v.<br><br>Resurgent Capital Services L.P.;<br><br>Defendant. | CASE NO. 3:26-cv-01138<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1. Violation of the Fair Debt Collection Practices Act<br>2. Violation of the Wisconsin Consumer Act |

COMES NOW Jenny Reynolds (hereinafter "Plaintiff"), an individual, based on information and belief, to allege as follows:

**INTRODUCTION**

1. This is an action for damages brought by an individual consumer for Defendant Resurgent Capital Services, L.P's (hereinafter "Resurgent" or "Defendant") violation of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. § 1692, *et. seq.* and for violations of the Wisconsin Consumer Act (hereinafter "WCA") under Wis. Stat. § 427, *et seq.*, for Defendant's unlawful conduct.

2. Plaintiff brings this action against Defendant for its abusive and outrageous conduct in connection with debt collection activity.

3. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

4. The FDCPA was designed to prevent the abusive and deceptive collection practices by debt collectors. The purpose of the FDCPA was to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692.

5. The FDCPA regulates the behavior of "debt collects" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt. Congress found

"abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy." 15 U.S.C. § 1692(a).

6. The FCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantages, and to promote uniform State action to protect consumers against debt collection abuses." 15. U.S.C. § 1692(e).

7. The FDCPA, under 15 U.S.C. § 1692g(a) requires disclosure of certain information either in a debt collector's initial communication or within five days after the initial communication.

## GENERAL ALLEGATIONS

8. Plaintiff is an individual and "consumer" as defined by 15 U.S.C. § 1692a(3) and resides in the State of Wisconsin.

9. At all relevant times herein, Resurgent was a company engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and "debt" as defined by 15 U.S.C. § 1692a(5).

10. Defendant is a debt collector as defined pursuant to Wis. Stat. §427.103(3)(h) and 15 U.S.C. § 1692a(6) as it engaged in the collection of Plaintiff's debt personally.

11. Resurgent has been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" and as defined by 15 U.S.C. § 1692a(5)

12. Plaintiff is informed and believes that Resurgent is acting as a debt collector as it was not the original party that Plaintiff became indebted to.

13. Resurgent was responsible for collecting the debt owed by Plaintiff on behalf of the unknown original creditor.

14. Plaintiff's account was an unsecured that Plaintiff was unable to fully repay.

15. Defendant was hired to collect on behalf of the original creditor and began contacting Plaintiff to inquire about the status of the account and to collect on the payments that were no longer being made.

16. Plaintiff sent Defendant a letter informing Defendant that Plaintiff was withdrawing her consent to be contacted on her cellular telephone.

17. Plaintiff's first notice was sent to Defendant in November of 2025.

18. Defendant continued to call Plaintiff after the November 2025 notice was received.

19. Defendant continued to contact Plaintiff after Defendant was informed Plaintiff was represented by counsel.

20. Frustrated, a second notice was sent to Resurgent in March of 2026.

21. Defendant would call Plaintiff numerous times each day demanding payment on the account; often Plaintiff was contacted two or three times a day.

22. Defendant continued to call Plaintiff after Defendant was aware Plaintiff was represented by counsel.

**FIRST CAUSE OF ACTION**
(Violation of the FDCPA)
(15 USC § 1692c(a)(2))
(Against Resurgent)

23. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

24. Defendant was informed twice that Plaintiff was represented by an attorney with respect to Plaintiff's account.

25. Defendant continued to contact Plaintiff after it was informed Plaintiff was represented by an attorney.

26. Plaintiff's attorney did not consent to Defendant continuing to contact Plaintiff.

27. Defendant contacted Plaintiff in connection with collecting on the debt despite knowing that Plaintiff was represented by Counsel and that counsel instructed Defendant specifically not to contact Plaintiff.

28. Defendant's conduct was in violation of 11 U.S.C. § 1692c(a)(2).

**SECOND CAUSE OF ACTION**
(Violation of the WCA)
(Wis. Stat. § 427)

(Against Defendant)

29. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

30. Section 427.104(1)(h) of the WCA States:

> In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction….a debt collector may not…engage in other conduct which can reasonably be expected to threaten or harass the customer or a person related to the customer.

31. Defendant violated section 427(104(1)(h) by engaging in harassing conduct in contacting Plaintiff for nearly a month after Resurgent received Plaintiff's notice.

32. It was unfair for Defendant to relentlessly contact Plaintiff through means of numerous phone calls when Plaintiff notified Defendant to cease calling.

33. Defendant ignored Plaintiff's demands and continued to systematically place calls to her cellular telephone without her prior consent and especially after Defendant revoked her consent to continue to be called.

34. Defendant engaged in harassing behavior by placing voluminous calls to Plaintiff.

35. The intent of placing such a large number of harassing calls was to compel Plaintiff into making a payment on the account.

36. The WCA was designed to protect consumers, such as Plaintiff, from the exact behavior engaged in by Defendant.

37. Section 427.104(1)(j) of the WCA further states:

> In attempting to collect an alleged debt arising from a consumer credit transaction or other consumer transaction….a debt collector may not….claim, or attempt to threaten to enforce a right with knowledge or reason to know that the right does not exist.

38. Defendant violated section 427.104(1)(j) by continuing to place calls to Plaintiff's cellular telephone after Defendant was informed that Plaintiff revoked her consent to be contacted by Defendant as Plaintiff was represented by counsel and indicated she no longer authorized calls to be placed to her cellular telephone.

39. Defendant should have known that it did not have the right to continue harassing Plaintiff with collection phone calls.

40. Defendant's conduct was outrageous, willful, and wanton, and showed a reckless disregard for the rights of Plaintiff.

41. Defendant acted in defiance of Plaintiff's letter of attorney representation and revocation of consent and the demands that were conveyed to Defendant to stop contacting Plaintiff.

42. The high volume of calls placed by Defendant to Plaintiff was an attempt by Defendant to harass Plaintiff into ultimately submitting to making a payment on the account.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff hereby demands a trial by jury for all issues of fact triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

- **a.** A declaration that the practices complained of herein are unlawful and violate the aforementioned statutes.
- **b.** Awarding Plaintiff actual damages pursuant to § 427.105, in an amount to be determined at hearing.
- **c.** An award of costs and attorney's fees pursuant to § 425.308(1)-(2).
- **d.** An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k(a)(2)(A).
- **e.** An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(3).
- **f.** Enjoining Defendant from further contacting Plaintiff.

Gale, Angelo, Johnson, P.C.

Dated: November 23, 2026

*/s/ Joe Angelo*
Joe Angelo (WI Bar #1123368)
joe@galeangelojohnson.com
Gale, Angelo, Johnson, P.C.
2999 Douglas Blvd., Ste. 111
Roseville, CA 95661
916-290-7778 ph
916-282-0771 fax

Attorney for Plaintiff
Jenny Reynolds